ROMANO & ROMANO, ESQS.
573 Bloomfield Avenue
Verona, NJ 07044
TEL. (973) 857-0788
FAX. (973) 857-9261
Attorneys for Plaintiff
2423

| | |
|---|---|
| In the matter of:<br><br>Philip L. Merrill<br><br>Debtor | UNITED STATES<br>BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>CASE NO. 08-13191DHS<br><br>CERTIFICATION OBJECTING<br>TO DEBTOR'S CHAPTER 13 PLAN<br>FILED BY LMS SERVICES, INC. |

Janet B. Romano, Esq., hereby certifies as follows:

1. I am the attorney for LMS Services, Inc., assignee of the claim of Sovereign Bank and I am fully familiar with this file.

2. Sovereign Bank previously filed a claim with the Court (Claim No. 2) as a secured creditor. Said claim was transferred to LMS Services, Inc.

3. In addition thereto, on May 27, 2008 LMS Services, Inc., assignee of Sovereign Bank filed a secured claim (Claim No. 8).

4. The debtor's original Bankruptcy Petition filed with the court on or about February 25, 2008 did not list the debtor's interest in real estate in the State of New York.

5. Subsequently the debtor filed an Amended Schedule A wherein he lists the undeveloped property in Orange County, New York, that he owns as a tenant in the entirety with his wife as having a value of $25,000.00 and the debtor's interest being $12,500.00.

6. Attached hereto is land appraisal report for 162 Merrill Road, Highland Mills, Orange County, New York, showing that the property owned by the debtor has a value of $235,000.00.

7. The debtor should make provisions in his Plan for liquidating the property and paying the unsecured creditors.

I certify that the above statements made by me are true. I am aware if any of the above statements made by me are willfully false, I am subject to punishment.

November 24, 2008

_____

Janet B. Romano, Esq.

# VACANT LAND APPRAISAL REPORT

File No. 263083

## SUBJECT

| | |
|---|---|
| Property Address | 162 Merrill Rd |
| City | Highland Mills |
| County | Orange |
| State | NY |
| Zip Code | 10930 |
| Census Tract | 5950-0131 |
| Legal Description | Liber 12218 Page 1780 T/O Cornwall |
| Owner/Occupant | Merrill |
| Map Reference | Hgstrm 13Z11 |
| Sale Price | $ N/A |
| Date of Sale | N/A |
| Property Rights Appraised | [X] Fee Simple / [ ] Leasehold / [ ] Condominium (HUD/VA) / [ ] PUD |
| Loan charges/concessions to be paid by seller | $ N/A |
| R.E. Taxes | $ 371.00 |
| Tax Year | 2008 |
| HOA $/Mo | None |
| Lender/Client | Real Estate Management Corporation |
| | 6900 Main Street, Downers Grove, IL 60516-9130 |

### LENDER DISCRETIONARY USE
- Sale Price $ _____
- Date: _____
- Mortgage Amount $ _____
- Mortgage Type _____
- Discount Points and Other Concessions
- Paid by Seller $ _____
- Source: _____

## NEIGHBORHOOD

| | | | |
|---|---|---|---|
| LOCATION | [ ] Urban | [X] Suburban | [ ] Rural |
| BUILT UP | [ ] Over 75% | [X] 25-75% | [ ] Under 25% |
| GROWTH RATE | [ ] Rapid | [X] Stable | [ ] Slow |
| PROPERTY VALUES | [ ] Increasing | [ ] Stable | [X] Declining |
| DEMAND/SUPPLY | [ ] Shortage | [ ] In Balance | [X] Over Supply |
| MARKETING TIME | [ ] Under 3 Mos | [X] 3-6 Mos | [ ] Over 6 Mos |

| PRESENT LAND USE % | | LAND USE CHANGE | | PREDOMINANT OCCUPANCY | | SINGLE FAMILY HOUSING | |
|---|---|---|---|---|---|---|---|
| Single Family | 65% | Not Likely | [X] | | | PRICE $(000) | AGE (yrs) |
| 2-4 Family | 2% | Likely | | Owner | [X] | | |
| Multi-Family | 0% | In process | | Tenant | | 125 Low / New | |
| Commercial | 3% | To | | Vacant (0-5%) | [X] | 1200 High / 100+ | |
| Industrial | 0% | | | Vacant (over 5%) | | Predominant 352 / 40 | |
| Vacant | 30% | | | | | | |

NEIGHBORHOOD ANALYSIS (Good / Avg / Fair / Poor):
- Employment Stability — Avg [X]
- Convenience to Employment — Avg [X]
- Convenience to Shopping — Avg [X]
- Convenience to Schools — Avg [X]
- Adequacy of Public Transportation — Avg [X]
- Recreation Facilities — Avg [X]
- Adequacy of Facilities — Avg [X]
- Property Compatibility — Avg [X]
- Protection from Detrimental Cond — Avg [X]
- Police & Fire Protection — Avg [X]
- General Appearance of Properties — Avg [X]
- Appeal to Market — Avg [X]

Note: Race or the racial composition of the neighborhood are not considered reliable appraisal factors.

COMMENTS: The subject is within a neighborhood of single family homes of varying styles, ages and sizes, and borders Mountain and Conservations lands. The subject vacant land

## SITE

| | | | | |
|---|---|---|---|---|
| Dimensions | Survey not Available | | Topography | Part Sloped/Part Level |
| Site Area | 11.40 Acres | Corner Lot No | Size | Typical for Area |
| Zoning Classification | ARR-Agricultural-Rural Resident | Zoning Compliance Legal | Shape | Rectangular |
| HIGHEST & BEST USE: | Present Use Re. Development | Other Use | Drainage | Appears Adequate |
| UTILITIES | Public / Other | SITE IMPROVEMENTS Type | Public / Private | View | Average |
| Electricity | [X] | Street Stone | [ ] / [X] | Landscaping | Wooded |
| Gas | | Curb/Gutter None | | Driveway | None |
| Water | Wells | Sidewalk None | | Apparent Easements | None Apparent |
| Sanitary Sewer | Septics | Street Lights None | | FEMA Flood Hazard | Yes ___ No X |
| Storm Sewer | | Alley None | | FEMA Map/Zone | 360611-0006B zone C |

Comments (Apparent adverse easements, encroachments, special assessments, slide areas, etc.): See Attached Addendum

## SALES COMPARISON ANALYSIS

The undersigned has recited three recent sales of properties most similar and proximate to subject and has considered these in the market analysis. The description includes a dollar adjustment reflecting market reaction to those items of significant variation between the subject and comparable properties. If a significant item in the comparable property is superior to or more favorable than the subject property, a minus (-) adjustment is made, thus reducing the indicated value of subject. If a significant item in the comparable is inferior to or less favorable than the subject property, a plus (+) adjustment is made, thus increasing the indicated value of the subject.

| ITEM | SUBJECT | COMPARABLE NO. 1 | | COMPARABLE NO. 2 | | COMPARABLE NO. 3 | |
|---|---|---|---|---|---|---|---|
| Address | 162 Merrill Rd, Highland Mills | 25 Shadowood Lane, Cornwall, NY | | 41 Pea Hill Rd, Cornwall, NY | | Windsor Gardens Dr, New Windsor, NY | |
| Proximity to Subject | | 1.50 Miles Approx | | 2.50 Miles Approx | | 6.0 Miles Approx | |
| Sales Price | $ N/A | $ 230,000 | | $ 215,000 | | $ 200,000 | |
| Price | $ | $ 230000 | | $ 215000 | | $ 200000 | |
| Data Source | | MLS#432147 | | MLS#389067 | | Real-Info/Public Records | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | (-) $ Adjustment | DESCRIPTION | (-) $ Adjustment | DESCRIPTION | (-) $ Adjustment |
| Sales or Financing Concessions | | Assumed Normal | | Assumed Normal | | Assumed Normal | |
| Date of Sale/Time | | 12/27/07 SD | | 7/10/08 SD | | 7/10/08 SD | |
| Location | Rural/Suburban | Rural/Sub/Sim | | Suburban/Sim | | Suburban/Sim | |
| Site/View | Average | Average | | Average | | Average | |
| Acreage | 11.50 Acres | 7.30 Acres | 21,000 | 5.10 Acres | 32,000 | 6.0 Acres | 27,500 |
| Private Rd. | Private Rd | Private Paved Rd | | Public/Stone | | Public Paved Rd | |
| Net Adj. (total) | | [X] + [ ] - $ 21,000 | | [X] + [ ] - $ 32,000 | | [X] + [ ] - $ 27,500 | |
| Indicated Value of Subject | | Gross: 9.1 / Net: 9.1 $ 251,000 | | Gross: 14.9 / Net: 14.9 $ 247,000 | | Gross: 13.8 / Net: 13.8 $ 227,500 | |

Comments of Sales Comparison: It was necessary to exceed adjustment ratios, due to a lack of viable sales within the subject's market area. Appraiser expanded the search over one mile and six months to supply in the appraisers opinion the best comparables available

Comments and Conditions of Appraisal: See Attached Addendum

## RECONCILIATION

Final Reconciliation: The final reconciliation was determined by the comparable listing analysis, which is considered the most indicative of value

I (WE) ESTIMATE THE MARKET VALUE, AS DEFINED, OF THE SUBJECT PROPERTY AS OF October 22, 2008 to be $ 235,000

I (We) certify that to the best of my (our) knowledge and belief, the facts and data used herein are true and correct; that I (we) personally inspected the subject property and inspected all comparable sales cited in this report; and that I (we) have no undisclosed interest, present or prospective therein

Appraiser(s): Ellen Ward
Review Appraiser (if applicable): _____
[ ] Did  [ ] Did Not Inspect Property

Proprietary Land Form 04/86    Produced using ACI software 800.234.8727 www.aciweb.com

ERW Appraisals

VACANT LAND APPRAISAL REPORT

LAND APPRAISAL REPORT    File No. 263083

The undersigned has recited recent sales of properties most similar and proximate to subject and has considered these in the market analysis. The description includes a dollar adjustment reflecting market reaction to those items of significant variation between the subject and comparable properties. If a significant item in the comparable property is superior to, or more favorable than, the subject property, a minus (-) adjustment is made, thus reducing the indicated value of subject. If a significant item in the comparable is inferior to or less favorable than the subject property, a plus (+) adjustment is made, thus increasing the indicated value of the subject.

| ITEM | SUBJECT | COMPARABLE NO. 4 | | COMPARABLE NO. 5 | | COMPARABLE NO. 6 | |
|---|---|---|---|---|---|---|---|
| Address | 162 Merrill Rd Highland Mills | 5 Nova Dr Cornwall, NY | | 6 Westlin Lane Cornwall, NY | | 1455 Route 32 Cornwall, NY | |
| Proximity to Subject | | 1.0 Mile Approx. | | 1.0 Mile Approx. | | 1.0 Mile Approx. | |
| Sales Price | $ N/A | $ 150,000 | | $ 199,000 | | $ 295,000 | |
| Price/ | $ | $ 150000 | | $ 199000 | | $ 295000 | |
| Data Source | | Real-Info/Public Records | | MLS#427800 | | MLS#447063 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-)$ Adjustment | DESCRIPTION | +(-)$ Adjustment | DESCRIPTION | +(-)$ Adjustment |
| Sales or Financing Concessions | | Assumed Normal | | Active Listing | | Active Listing | |
| Date of Sale/Time | | 3/1/07 SD | | Lp/Sp -5% | -10,000 | Lp/Sp -5% | -14,800 |
| Location | Rural/Suburban | Rural/Sub/Sim | | Suburban/Sim | | Suburban/Sim | |
| Site/View | Average | Average | | Average | | Average | |
| Acreage | 11.50 Acres | 4.3 Acres | 36,000 | 3.42 Acres | 40,400 | 9.70 Acres | 9,000 |
| Private Rd | Private Rd | Private Paved Rd | | Private Gravel Rd | | Public Paved | |
| Net Adj. (total) | | [X] + [ ] - $ | 36,000 | [X] + [ ] - $ | 30,400 | [ ] + [X] - $ | 5,800 |
| Indicated Value of Subject | | Gross 24.0 Net 24.0 $ | 186,000 | Gross 25.3 Net 15.3 $ | 229,400 | Gross 8.1 Net -2.0 $ | 289,200 |

Proprietary Land Form 24.88

| | | | |
|---|---|---|---|
| Borrower | Phillip Merill | File No.: | 263083 |
| Property Address | 162 Merrill Rd | Case No | |
| City: Highland Mills | | State: NY | Zip: 10930 |
| Lender | Real Estate Management Corporation | | |

**Site Comments**
The use of well and septic are common to the area, and do not adversely affect the value or marketability of the subject property The private road has 12 or more residences, and the road surface is /gravel/stone and well maintained. There is most likely a road maintainment agreement between the homeowners. There is no survey available at the Building Department or Assessor's offices. While zoning is 3 acre minimum, there are front and rear yard set back requirements in order to comply with zoning. The Building Inspector could not confirm if the subject property could be a legal building lot. with out a survey, and soil tests to determine if a septic system could be installed There are several vacant parcels in the immediate area, owned by other members of this same family, and this lot is long and narrow and runs behind three of these lots.

**Condition of Appraisal Comments**
This appraisal is made subject to the extraordinary assumption that the subject property could be approved as a building lot. if all requirements of the zoning code are met The value if not approved as a building lot, is approximately $30,000, and would only be of value to one of the neighboring properties

File No. 263083

**DEFINITION OF MARKET VALUE:** The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the Appraiser's judgment.

## STATEMENT OF LIMITING CONDITIONS AND APPRAISER'S CERTIFICATION

**CONTINGENT AND LIMITING CONDITIONS:** The appraiser's certification that appears in the appraisal report is subject to the following conditions

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it. The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title. The property is appraised on the basis of it being under responsible ownership.

2. The appraiser has provided a sketch in the appraisal report to show approximate dimensions of the improvements and the sketch is included only to assist the reader of the report in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in the appraisal report whether the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand.

5. The appraiser has estimated the value of the land in the cost approach at its highest and best use and the improvements at their contributory value. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

6. The appraiser has noted in the appraisal report any adverse conditions (such as, needed repairs, depreciation, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the normal research involved in performing the appraisal. Unless otherwise stated in the appraisal report, the appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous wastes, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, the appraisal report must not be considered as an environmental assessment of the property.

7. The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

8. The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice.

9. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.

10. The appraiser must provide his or her prior written consent before the lender/client specified in the appraisal report can distribute the appraisal report (including conclusions about the property value, the appraiser's identity and professional designations, and references to any professional appraisal organizations or the firm with which the appraiser is associated) to anyone other than the borrower; the mortgagee or its successors and assigns; the mortgage insurer; consultants; professional appraisal organizations; any state or federally approved financial institution; or any department, agency, or instrumentality of the United States or any state or the District of Columbia; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the appraiser's prior written consent. The appraiser's written consent and approval must also be obtained before the appraisal can be conveyed by anyone to the public through advertising, public relations, news, sales, or other media.

File No. 263083

**APPRAISERS CERTIFICATION:** The Appraiser certifies and agrees that

1. I have researched the subject market area and have selected a minimum of three recent sales of properties most similar and proximate to the subject property for consideration in the sales comparison analysis and have made a dollar adjustment when appropriate to reflect the market reaction to those items of significant variation. If a significant item in a comparable property is superior to, or more favorable than the subject property, I have made a negative adjustment to reduce the adjusted sales price of the comparable and, if a significant item in a comparable property is inferior to, or less favorable than the subject property, I have made a positive adjustment to increase the adjusted sales price of the comparable

2. I have taken into consideration the factors that have an impact on value in my development of the estimate of market value in the appraisal report. I have not knowingly withheld any significant information from the appraisal report and I believe, to the best of my knowledge, that all statements and information in the appraisal report are true and correct.

3. I stated in the appraisal report only my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the contingent and Limiting Conditions specified in this form.

4. I have no present or prospective interest in the property that is the subject to this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or the estimate of market value in the appraisal report on the race, color, religion, sex, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property.

5. I have no present or contemplated future interest in the subject property, and neither my current or future employment nor my compensation for performing this appraisal is contingent on the appraised value of the property.

6. I was not required to report a predetermined value or direction in value that favors the cause of the client or any related party, the amount of the value estimate, the attainment of a specific result, or the occurrence of a subsequent event in order to receive my compensation and/or employment for performing the appraisal. I did not base the appraisal report on a requested minimum valuation, a specific valuation, or the need to approve a specific mortgage loan.

7. I performed this appraisal in conformity with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place as of the effective date of this appraisal, with the exception of the departure provision of those Standards, which does not apply. I acknowledge that an estimate of a reasonable time for exposure in the open market is a condition in the definition of market value and the estimate I developed is consistent with the marketing time noted in the neighborhood section of this report, unless I have otherwise stated in the reconciliation section.

8. I have personally inspected the subject property and the exterior of all properties listed as comparables in the appraisal report. I further certify that I have noted any apparent or known adverse conditions in the subject improvements, on the subject site, or on any site within the immediate vicinity of the subject property of which I am aware and have made adjustments for these adverse conditions in my analysis of the property value to the extent that I had market evidence to support them. I have also commented about the effect of the adverse conditions on the marketability of the subject property.

9. I personally prepared all conclusions and opinions about the real estate that were set forth in the appraisal report. If I relied on significant professional assistance from any individual or individuals in the performance of the appraisal or the preparation of the appraisal report, I have named such individual(s) and disclosed the specific tasks performed by them in the reconciliation section of this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in the report, therefore, if an unauthorized change is made to the appraisal report, I will take no responsibility for it

**SUPERVISORY APPRAISER'S CERTIFICATION:** If a supervisory appraiser signed the appraisal report, he or she certifies and agrees that: I directly supervise the appraiser who prepared the appraisal report, have reviewed the appraisal report, agree with the statements and conclusions of the appraiser, agree to be bound by the appraiser's certifications numbered 4 through 7 above, and am taking full responsibility for the appraisal and the appraisal report.

ADDRESS OF PROPERTY APPRAISED: 162 Merrill Rd, Highland Mills, NY, 10930

**APPRAISER:**

Signature: *Ellen Ward*
Name: Ellen Ward
Date Signed: 10/27/2008
State Certification #: 45000043525
or State License #:
State: NY
Expiration Date of Certification or License: 01/25/2010

4500043525

**SUPERVISORY APPRAISER (only if required)**

Signature:
Name:
Date Signed:
State Certification #:
or State License #:
State:
Expiration Date of Certification or License:

☐ Did   ☐ Did Not Inspect Property

Vacant Land                                                     Page 2 of 2

SUBJECT PROPERTY PHOTO ADDENDUM

| | | |
|---|---|---|
| Borrower: Phillip Merlo | | File No.: 082083 |
| Property Address: 162 Merrill Rd | | Case No.: |
| City: Highland Mills | State: NY | Zip: 10930 |
| Lender: Real Estate Management Corporation | | |



**FRONT VIEW OF SUBJECT PROPERTY**

Appraised Date: October 22, 2008
Appraised Value: $ 235,000



**REAR VIEW OF SUBJECT PROPERTY**



**STREET SCENE**

Borrower: Phillip Diehl
Property Address: 152 Merrill Rd
City: Highland Mills          State: NY          Zip: 10930
Lender: Real Estate Management Corporation     Case No.:







